UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LINDA RAINO, | Case No. 17-CV-2341 (JNE/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| TARGET CORPORATION, | |
| Defendant. | |

Plaintiff Linda Raino alleges that defendant Target Corporation refused to hire her upon learning that she had a prior felony conviction. Raino did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Raino qualifies financially for IFP status. Nevertheless, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a

right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Raino alleges that she applied for employment with Target Corporation and, during the application process, was asked whether she had a criminal record.  *See* Compl. at 5 [ECF No. 1].  Raino answered truthfully that she had a prior felony conviction.  *Id*.  Target Corporation did not extend Raino an offer of employment.  *Id*.  Based on those factual allegations and the inference that the failure to hire was on account of her criminal history, Raino brings employment-discrimination claims pursuant to both federal and state law.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et al., prohibits discrimination by employers based upon race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2(a)(1).  Raino may belong to one or more of the classes protected under Title VII, but she does not allege in her complaint that she was denied employment by Target Corporation *because of* her membership in one or more of the protected classes.  *See* Compl. at 4-5.  For example, Raino does not allege that Target Corporation refused to hire her because she is a woman, or because she is a racial minority, or because of her religion.  *Id*.  Instead, Raino alleges only that she was denied employment because she had previously committed a felony.  *Id*.  But individuals who have committed criminal offenses are not a protected class under Title VII.  That Target Corporation may have excluded Raino from employment due to her criminal record,

taken alone, does not implicate Title VII. *See Mooney v. Mid South Health Sys.*, No. 3:07CV163-WMW, 2008 WL 276291, at *3 (E.D Ark. Jan. 30, 2008); *Gillum v. Nassau Downs Regional Off Track Betting Corp. of Nassau*, 357 F. Supp. 2d 564, 569 (E.D.N.Y. 2005). And Raino does not allege that Target Corporation used its exclusion of persons with criminal records as a stand-in for express discrimination against groups that *are* protected by Title VII. For example, Raino does not allege that Target Corporation used her criminal record as a pretense for excluding her on account of her race, or religion, or sex, or other protected attribute. Accordingly, Raino has failed to allege an actionable claim under Title VII.

Unlike federal law, Minnesota law *does* prohibit employers from inquiring into, considering, or requiring the disclosure of an applicant's criminal record until after the application has been selected for an interview (or, if there is not an interview, before a conditional offer of employment is made). *See* Minn. Stat. § 364.021(a). Along with her claim under Title VII, Raino also attempts to bring a claim pursuant to § 364.021. But the Court lacks jurisdiction over that state-law claim. Claims brought pursuant to state law do not present a federal question sufficient to vest original jurisdiction under 28 U.S.C. § 1331. The citizenship of Raino and Target Corporation are not alleged in the complaint,[1] and thus the complaint does not establish diversity of citizenship sufficient to vest original jurisdiction under 28 U.S.C. § 1332. Finally, the Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial (as this Court has recommended), the court should decline to

---

[1] Further, Raino provides a Minneapolis address in her complaint (thus at least *suggesting* that she is a citizen of Minnesota), while Target Corporation is headquartered in Minneapolis (making the defendant a citizen of Minnesota, *see* 28 U.S.C. § 1332(c). It is therefore doubtful that Raino could amend her complaint to establish jurisdiction based on diversity of citizenship.

exercise supplemental jurisdiction over any remaining state-law claims. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Raino's claim under § 364.021(a) should be brought in state court, rather than federal court.

Accordingly, it is hereby recommended that this matter be summarily dismissed. The Court lacks jurisdiction over Raino's state-law claim, and thus that claim must be dismissed without prejudice. Raino's federal-law claim, however, fails on the merits, and it is overwhelmingly doubtful that Raino could amend her complaint to establish that Target Corporation's failure to hire her on account of her criminal history amounted to a violation of federal law. It is therefore recommended that Raino's federal-law claim be dismissed with prejudice. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (noting that dismissal with prejudice for failure to state a claim on which relief may be granted is not abuse of discretion when amendment of the pleading would be futile).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

   a. Plaintiff Linda Raino's federal-law claims for relief be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.

   b. Raino's state-law claims for relief be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

-4-

2.      Raino's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: July 11, 2017                    *s/ David T. Schultz*
                                        David T. Schultz
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).